IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEVIN JERROLD SMITH                                                                           PLAINTIFF

V.                                             CASE NO. 4:13CV00590 JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
Social Security Administration                                                                DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff Kevin Jerrold Smith brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

**Procedural History**

Plaintiff protectively filed his application on February 28, 2011, alleging a disability[2] onset date of August 23, 2010, due to bilateral shoulder pain, back problems, and depression. Plaintiff's claim was denied at the initial and reconsideration levels. A hearing was held on May 17, 2012, before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #2).

[2]"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

decision denying Plaintiff's claim, and the Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings his appeal.

## Administrative Proceedings

Plaintiff was forty years old at the time of the administrative hearing and had a twelfth grade education. He had past relevant work as an assembler and mail processor. The ALJ applied the five-step sequential evaluation process[3] to Plaintiff's claim. Plaintiff satisfied the first step because he had not engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ found that Plaintiff suffered from the severe impairments of shoulder pain, left shoulder status post arthroscopy (2000, 2003), right shoulder status post arthroscopy (2004, 2007, and 2012), degenerative disc disease, depression, and history of intermittent explosive disorder. He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. While the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he also concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effect of those symptoms were not credible to the extent they were inconsistent with the residual functional capacity to perform limited light work.[4]

---

[3]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

[4]Specifically, the ALJ found Plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently; could stand, walk, and sit up to seven hours in an eight-hour workday; was restricted to no more than occasional lifting overhead using the non-dominant, occasional stooping, kneeling, crouching, and climbing; and was limited to simple, routine and repetitive tasks with supervision that was simple, direct, and concrete.

The ALJ found at step four that Plaintiff could perform his past work as a mail processor and tracker. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

1. **Step Two**

Plaintiff argues first that the ALJ did not evaluate his obesity in combination with his

degenerative disc disease. He claims that not considering his obesity as a severe impairment at step two invalidates the RFC and credibility analyses at subsequent steps. The Court finds no error.

At step two of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities. Social Security Ruling (SSR) 96-3p, 1996 WL 374181, *1 (1996). No mention was made of obesity in the application for disability or at the hearing. An ALJ is not obliged "to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Mouser. v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008). Although some medical reports observe that Plaintiff is obese and should lose weight, obesity need not be addressed unless there is some indication that the condition imposes work-related limitations and restrictions. *McNamara v. Astrue*, 590 F.3d 607, 611-12 (8th Cir. 2010); *Forte v. Barnhart*, 377 F.3d 892, 896 (8th Cir. 2004).

Here, Plaintiff did not raise obesity as an impairment. Therefore, his allegation that the ALJ failed to consider his obesity, while true, is not a basis for remanding the case or reversing the ALJ's decision.

**1. Credibility, RFC, and Past Relevant Work**

The plaintiff argues next that the ALJ failed to evaluate his pain in relation to his depression since one psychologist found his depression secondary to pain. He also takes issue with the ALJ's finding that he could perform his past relevant work as a mail processor and tracker when he was terminated based upon his inability to perform the job duties.

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a

claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). In addition to determining RFC based on all relevant evidence, including the medical records and observations of treating physicians and others, the ALJ should also consider the claimant's own description of his limitations, *id.*, including his testimony regarding subjective complaints of pain.  *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions.  *Polaski v. Heckler*, 739 F.2d at 1322.  However, the ALJ is not required to discuss each *Polaski* factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)).  While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary.  *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for

doing so. *Halverson*, 600 F.3d at 932.

Review of the ALJ's decision shows that he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

Further, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the medical and other relevant evidence of record in making his RFC determination, including Plaintiff's descriptions of limitations, observations of treating and examining physicians and others, and medical records including any observations therein. The ALJ noted Plaintiff's daily activities were inconsistent with his allegations of pain. Plaintiff testified that he used a riding lawn mower to cut grass, used the weed eater, shopped for grocery, attended church, drove a car, prepared simple meals, and assisted with housekeeping such as dusting. The ALJ further noted the lack of evidence to support the functional limitations alleged. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

Moreover, "an ALJ may find the claimant able to perform past relevant work if the claimant retains the ability to perform the functional requirements of the job as [he] actually performed it or as generally required by employers in the national economy." *Samons v. Astrue*, 497 F.3d 813, 821 (8th Cir. 2007). "At step four, the ALJ may elicit testimony from a vocational expert (VE) in

evaluating a claimant's capacity to perform his or her past relevant work." *Wright v. Astrue*, 489 Fed. App'x 147, at *2 (8th Cir. 2012).

Contrary to Plaintiff's assertion, the ALJ's determination that he has the RFC to perform his past relevant work is supported by substantial evidence. In making this determination, the ALJ provided a sufficient basis for his determination. Prior to step four, the ALJ was required to determine Plaintiff's RFC. The ALJ found Plaintiff retained the RFC to carry and lift up to 20 pounds occasionally and 10 pounds frequently; stand, sit, and walk up to seven hours in an eight-hour workday; and only occasionally stoop, kneel, crouch, climb, and lift overhead using the non-dominant upper extremity. The work required was simple, routine, and repetitive tasks with direct, simple and concrete supervision. The ALJ went on to find Plaintiff's past relevant work as a mail processor and tracker did not require performance of work-related activities precluded by Plaintiff's RFC. And even if Plaintiff could not perform this past relevant work, the ALJ went further and found other jobs existing in the national economy that Plaintiff could perform, including those of assembly worker and motel cleaner. Thus, there is substantial evidence of record to support the ALJ's RFC finding and conclusion, based upon proper VE testimony, that Plaintiff remains capable fo perform his past relevant work as a mail processor and as a tracker.

**2. Medical Opinions and GAF score**

Plaintiff alleges the ALJ selectively accepted and rejected the medical opinions of Bernard Crowell, M.D., Patricia Griffen, Ph.D., Diane Kogut, Ph.D., and William Hefley, M.D. He also contends the ALJ disregarded the GAF score of 50 contained in the record. The Court finds no error.

Although RFC is a medical determination, in making the determination, the ALJ must rely

7

not only on medical evidence but on all relevant, credible evidence. *Owen v. Astrue*, 551 F.3d 792, 798 (quoting *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007)) ("In deciding whether a claimant is disabled, the ALJ considers medical opinions along with 'the rest of the relevant evidence' in the record."); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). While a treating physician's opinion is generally entitled to substantial weight, an ALJ may credit other medical evidence over that of the treating physician when such other assessments are supported by better or more thorough evidence. *Casey v. Astrue*, 503 F.3d 687, 691-92 (8th Cir. 2007). Moreover, while GAF scores "may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). An ALJ may properly give greater weight to the medical evidence and testimony than to GAF scores where the evidence so requires. *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010) (citing *Hudson ex rel. Jones v. Barnhart*, 345 F.3d 661, 666 (8th Cir. 2003)).

Here, the medical evidence supports the ALJ's determination, and the ALJ thoroughly considered and discussed this evidence in rendering his decision. The ALJ discussed the opinions of Plaintiff's doctors and the state agency consultants. He gave some weight to Dr. Crowell's opinion because the opinion was discredited by Plaintiff's own testimony, and he gave little weight to Dr. Hefley's opinion because the medical evidence as a whole did not support Dr. Hefley's restrictions. Similarly, the ALJ gave some weight to Dr. Kogut's opinion because she, like him, found Plaintiff capable of unskilled work with simple, direct, and concrete supervision. Lastly, the ALJ gave great weight to the opinion of Dr. Griffen, but he did find her GAF score of 50 fully indicative of Plaintiff's conditions based in part upon Plaintiff's own subjective statements. Thus, the ALJ declined to endorse the GAF score. Instead, the ALJ properly relied on the overall medical

evidence of record, the testimony, and other factors utilizing the criteria set forth in *Polaski v. Heckler*, 739 F.3d 1320 (8th Cir. 1984), Social Security Ruling 96-7, and other relevant authority. Therefore, the Court concludes the ALJ properly considered the medical opinions, and his rejection of the GAF score is supported by substantial evidence.

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 6th day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE